COPE, Judge
(specially concurring).
While I concur, a word should be said about the rationale for the trial court’s ruling, which was based on the doctrine of collateral estoppel. The plaintiff, Ivory Wilcox, had obtained a worker’s compensation award against his employer, Hotelera-ma Associates, Ltd.[1] The trial court ruled that the worker’s compensation findings of fact were binding on Hotelerama in the instant civil suit, and the jury was so instructed.
Because the worker’s compensation statute creates presumptions in favor of the claimant and eliminates employer defenses (including comparative negligence), the burden of proof is lower for a claimant in a worker’s compensation proceeding than for a plaintiff in an ordinary civil action. See Johnson v. Dicks, 76 So.2d 657, 661 (Fla. 1954); § 440.11, Fla.Stat. (1989). That being so, the lower-burden worker’s compensation findings could not be introduced at the instance of the plaintiff to discharge plaintiff’s higher burden of proof in the civil suit. See 3 A. Larson, The Law of Workmen’s Compensation § 79.72(f) (1989). In the absence of collateral estop-pel, there is no alternative basis on which to sustain the admission of the findings, for the reasons set forth in the majority opinion.[2]

. The only claim which went to trial against Hotelerama was fraud.

. As to Hotelerama’s first ppint on appeal, see 2A A. Larson, The Law of Workmen’s Compensation §§ 68.23, 68.30, 68.32 (1990). See generally id., §§ 68.00, et seq.; Byrd v. Richardson-Greenshields Securities, Inc., 552 So.2d 1099, 1101 n. 5 (Fla.1989).